The DOW CHEMICAL COMPANY, Relator,

v.

The Honorable Ricardo H. GARCIA, Judge, Respondent.

The DOW CHEMICAL COMPANY, Relator,

v.

The Honorable Gary SANDERSON, Judge, Respondent.

Nos. 95–0505, 95–0633.

Supreme Court of Texas.

Argued Oct. 10, 1995.

Decided Nov. 2, 1995.

Joe R. Greenhill, Bob E. Shannon, Patrick O. Keel, Austin, Richard L. Josephson, Robert J. Malinak, Cynthia G. Crawford, Houston, for Dow Chemical Co. in No. 95–0505.

Michael D. Sydow, Robin M. Ziek, Houston, Frank R. Nye, Jr., Rio Grande City, Pamela S. Hoerser, Kay K. Daniel Morgan, Houston, for Garcia.

Joe R. Greenhill, Bob E. Shannon, Patrick O. Keel, Joseph R. Knight, Austin, Richard L. Josephson, Robert J. Malinak, Cynthia G. Crawford, Houston, for Dow Chemical Co. in No. 95–0633.

John M. O'Quinn, Richard N. Laminack, Houston, James P. Wallace, Austin, Luther H. Soules, III, San Antonio, Robinson C. Ramsey, Houston, Joel Grossman, Beaumont, Vincent Lee Marable, Wharton, Michael T. Gallagher, Houston, Sara S. Murray, San Antonio, for Sanderson.

CORNYN, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and GONZALEZ, HIGHTOWER, HECHT, ENOCH and SPECTOR, Justices, join.

In these two original proceedings, the Dow Chemical Company complains of trial court orders severing claims against it from claims against the Dow Corning Corporation and others concerning silicone gel breast implants. Because the present procedural posture of these cases proscribes the relief Dow Chemical seeks, we dismiss its petitions for writ of mandamus as moot.

Dow Chemical and Corning Incorporated each own half of the Dow Corning Corporation, a leading manufacturer of silicone products, including silicone gel breast implants. In the underlying cases, women who received silicone implants charge Dow Chemical, Corning, Dow Corning, and the doctors who performed the implant operations, with, among other things, negligence, gross negligence, products liability, fraud, conspiracy, breach of warranty, misrepresentation, and violations of the Deceptive Trade Practices–Consumer Protection Act. On May 15, 1995, Dow Corning filed for protection under Chapter 11 of the Bankruptcy Code. On the plaintiffs' motion, the trial courts severed the claims against Dow Corning and other defendants, and continued to proceed with claims against Dow Chemical. Dow Corning then removed all breast implant cases pending against it and Dow Chemical to federal court, and sought transfer of those cases to the federal district court in the district in which Dow Corning's bankruptcy is pending. The federal district court ordered transfer of all claims against Dow Corning, but determined that it did not have jurisdiction over the claims against Dow Chemical and other non-debtors because it determined that those claims were not "related to" Dow Corning's bankruptcy. See 28 U.S.C. § 1334(b). Dow Chemical and Dow Corning have appealed that ruling to the United States Court of Appeals for the Sixth Circuit.

Before this Court Dow Chemical complains that the trial courts abused their discretion in severing the claims against it from the claims against Dow Corning because all the claims present the same issues of fact and law and because all of the plaintiffs' claims against Dow Chemical are derivative of or dependent on Dow Corning's liability. Dow Chemical also argues that unless mandamus is granted and the claims reunited, it will be deprived of its right to contribution from Dow Corning. Plaintiffs argue that they

have independent claims against Dow Chemical, and also that these mandamuses themselves are moot because this Court can never give Dow Chemical the relief it seeks, namely, the rejoining of claims against it and Dow Corning.[1]

Without addressing the merits of the severance or contribution arguments, we agree with the plaintiffs that no action by this Court can effect the relief Dow Chemical requests. No party suggests that the claims against Dow Corning will be resolved anywhere other than in the federal system, which means that those claims cannot be rejoined in state court with the claims against Dow Chemical. Directing the trial courts in these cases to vacate their severance orders can have no practical effect, and we will not issue mandamus "if for any reason it would be useless or unavailing." *Holcombe v. Fowler*, 118 Tex. 42, 9 S.W.2d 1028, 1028 (1928).

Accordingly, for the reasons explained above, we vacate our stay[2] and dismiss both original proceedings as moot.

Justice BAKER dissenting, joined by Justice OWEN.

I respectfully dissent from the Court's order dismissing these cases. I would abate both proceedings until the cases are remanded to state court. A state court should proceed no further in an action in which a notice of removal has been filed unless and until the case is remanded. 28 U.S.C. § 1446(d); *see also National S.S. Co. v. Tugman*, 106 U.S. 118, 122, 1 S.Ct. 58, 60, 27 L.Ed. 87 (1882). "A state court has no power to proceed with a case which has been properly removed to federal court." *Resolution Trust Corp. v. Murray*, 935 F.2d 89, 92–93 (5th Cir.1991); *see also Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir.1985) (holding that a state

court has no power to set aside a default judgment after removal has been perfected).

The Court should await remand before taking any action.

---

1. At oral argument before this Court and in its response to the plaintiffs' motion to dismiss as moot, Dow Chemical urged that claims against defendant doctors in cause number 95–0633 were also improperly severed from the claims against it. This concern, however, was apparently not mentioned at the trial court (*see* Relator's Exhs. N, S), was not mentioned in Dow Chemical's original petition for writ of mandamus, and is plainly subsidiary to its main argument throughout these proceedings: that it cannot be fairly tried separately from Dow Corning. Inasmuch as we have no authority to grant Dow Chemical the primary relief it seeks, and we are unwilling to speculate about future events in the trial court if the claims against Dow Chemical are finally remanded, we express no opinion on the propriety of the severance of the claims against the doctors.

2. We have found no authority denying the propriety of a state court's action in dismissing collateral proceedings such as a petition for writ of mandamus after a case has been removed to federal court, nor do the dissenting justices cite any. Notwithstanding our action, the trial courts, of course, may not proceed further unless and until the cases are remanded to them from the federal district courts. 28 U.S.C. § 1446(d).