6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00003-CV
______________________________



IN RE:
ANTHONY E. GILL






                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION

            Anthony E. Gill has filed a petition for writ of mandamus in which he asks this Court to order
the 23rd Judicial District Court of Brazoria County to set his case for a jury trial on his damages in
connection with an underlying civil lawsuit in which a default judgment had been rendered.


 Gill
requested that we order the trial court to set the matter for jury trial on the damages within ninety
days and that the hearing not be set on a federal or state holiday.
            We requested a response and have now been informed that a date has been set for the hearing. 
 The  trial  court  has  set  a  "Trial  Date  and  Docket  Call"  at  9:00  p.m.,  Monday, March 14,
2005, concerning a jury trial on this suit. When this Court cannot take any action that can effect the
requested relief, and thus the order will have no practical result, we will dismiss as moot the petition
for writ of mandamus. Dow Chem. Co. v. Garcia, 909 S.W.2d 503, 505 (Tex. 1995). Because the
trial court has set this cause for a hearing on damages as Gill has requested, the relief sought is moot. 

 
 
 
            We dismiss as moot the petition for writ of mandamus.



                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 19, 2005
Date Decided:             January 20, 2005



e record may, by motion and affidavit, ask the trial court to have the appellate
record furnished without charge. If after hearing the motion, the trial court finds the appellant cannot
pay or give security for the appellate record, the court must order the reporter to transcribe the
proceedings without charge to the appellant. Tex. R. App. P. 20.2; Scott v. State, 80 S.W.3d 184,
190 (Tex. App.‒Waco 2002, pet. ref'd). In this case, the record reflects that none of those requests
were timely. Thus, the requirement to provide a free record could not be invoked in this context.
            We dismiss the appeal for want of jurisdiction.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          November 18, 2003
Date Decided:             November 19, 2003

Do Not Publish