NO.
12-06-00127-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: GUY SPARKMAN, INDIVIDUALLY

AND ON BEHALF OF ALL
OTHERS,     §          ORIGINAL PROCEEDING

SIMILARLY SITUATED,

RELATOR     §          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Guy
Sparkman, individually and on behalf of all others similarly situated,
complains of the trial court’s order granting the motion for traditional
summary judgment and no evidence summary judgment filed by CyBerCorp Holdings,
Inc. and CyberTrader, Inc., the real parties in interest.[1]  Sparkman also complains that the trial court
(1) failed to act on his motion to compel discovery, (2) failed to act on his
motion to modify the trial scheduling order and discovery control plan, (3) and
denied his motion for a discovery continuance or, alternatively, for an
extension of time to file a response to the real parties’ motion for no
evidence summary judgment.  We deny the
requested relief.

            Mandamus
will issue when a trial court commits a clear abuse of discretion for which the
relator has no adequate remedy at law.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A judgment is appealable if it is a final
judgment.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001).  A
judgment is final for purposes of appeal if it disposes of all pending parties
and claims in the record, except as necessary to carry out the decree.  Id.  Here, the order grants the summary judgment
motion filed by the real parties as to all claims asserted by Sparkman
individually and on behalf of a putative class. 
The order also dismisses Sparkman’s case in its entirety with
prejudice.  Because the order granting
summary judgment disposes of all pending parties and claims, the order is a
final judgment for purposes of appeal.  See
id.  Therefore, as to
his complaint about the entry of summary judgment, Sparkman has an adequate
remedy by appeal. 

            Sparkman’s
remaining complaints relate to the trial court’s failure to act on two of his
motions and its denial of a third. 
Ordinarily, mandamus is not available to correct incidental trial court
rulings because appeal is an adequate remedy. 
Abor v. Black, 695 S.W.2d 564, 566-67 (Tex. 1985).  When a trial court does not rule on a pending
motion, mandamus is available only if the motion has been on file with the
trial court for a reasonable time, the movant has requested a ruling, and the
trial court has refused to rule.  See In
re Ramirez, 994 S.W.2d 682, 684 (Tex. App.–San Antonio 1998, orig.
proceeding).  In the case at hand, the
trial court has entered a final summary judgment and dismissed the underlying
proceeding.  Consequently, our
consideration of Sparkman’s remaining complaints would be a useless act.  See Dow Chem. Co. v. Garcia,
909 S.W.2d 503, 505 (Tex. 1995) (mandamus will not issue if for any reason it
would be useless or unavailing). 
Therefore, we do not consider the merits of Sparkman’s complaints
relating to his three motions.

DISPOSITION

            The petition
for writ of mandamus is denied. 

 

 

                                                                                                     SAM GRIFFITH    

                                                                                                               Justice

 

 

Opinion delivered April 28,
2006.

Panel consisted of Worthen, C.J. and Griffith, J.

DeVasto, not participating.

 

 

 

 

 

 

(PUBLISH)











[1] Respondent
is the Honorable Cynthia Stephens Kent, Judge of the 114th Judicial District
Court, Smith County.