**DENIED and Opinion Filed March 25, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-01566-CV**

**IN RE MICHAEL RAMBERANSINGH, Relator**

**Original Proceeding from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-54515-2010**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Stoddart
Opinion by Justice Myers

This petition for writ of mandamus arises from a long-running suit affecting the parent-child relationship. While various proceedings to enforce the trial court's prior orders were pending, relator, who is the father of the child, filed a timely motion to transfer venue of this case to Denton County, Texas pursuant to section 155.201(b) of the Texas Family Code. Before the trial court heard and granted the motion to transfer venue, it ordered a warrant for the father's arrest issued based on the trial court's conclusion the mother had established a prima facie case that the father had violated the terms and conditions of community supervision with regard to the trial court's earlier order suspending commitment on a judgment of criminal contempt. The trial court also ordered a writ of capias issued with respect to a new motion for enforcement brought by the mother.

On December 12, 2014, the trial court granted the motion to transfer venue and ordered the case transferred to Denton County. The father appeared at the December 12, 2014 hearing,

was arrested, taken into custody and released on bond pending a December 16, 2014 hearing on the mother's motions.[1] The Denton County Clerk received the transfer from Collin County on December 31, 2014, assigned the case a cause number and advised the parties it had received the transfer by letter dated January 6, 2015. In his petition for writ of mandamus the father requests that the Court order the trial court to vacate its arrest warrant and capias, order the father's bond released, stay all further proceedings in the trial court and order the matter promptly transferred to Denton County, Texas. We deny the relief requested.

The request that the Court stay proceedings in the Collin County court and order the case transferred to Denton County is moot because the transfer has been completed. *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (orig. proceeding) (stating that for controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). We will not issue mandamus if it would be useless or unavailing. *Dow Chem. Co. v. Garcia,* 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding).

We also cannot grant the other relief relator seeks. The Collin County court no longer has jurisdiction to proceed in this case even to vacate its prior orders. After a case is transferred, "the transferring court does not retain jurisdiction of the child who is subject of the suit, nor does it have jurisdiction to enforce its order for a violation occurring before or after the transfer of jurisdiction." TEX. FAM. CODE ANN. § 155.206(d) (West 2014). The transferring court loses jurisdiction when the transferee court dockets the case. *Bigham v. Dempster*, 901 S.W.2d 424, 431 (Tex. 1995) (orig. proceeding). "The rule is that the case is docketed when the court to

---

[1] By order dated December 15, 2014 this Court stayed the hearing pending determination of this petition for writ of mandamus.

which it is transferred has received a certified copy of the transfer order and asserts jurisdiction, or when all files have been transferred, whichever occurs first." *Id.* at 430. We cannot order the trial court to do what the trial court itself has no jurisdiction to do, *In re Dozier*, No. 07-10-0344-CV, 2010 WL 3810016, at *1 (Tex. App.—Amarillo Sept. 30, 2010, orig. proceeding), and we presume the trial court will not act outside of its jurisdiction. To the degree relator wishes relief from the arrest warrant or capias, he must seek it from the court in Denton County to which the case has been transferred.

We deny the petition.

141566F.P05

/Lana Myers/
LANA MYERS
JUSTICE

–3–