**Deny and Opinion Filed April 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00514-CV

### IN RE ROBERT PAYNE WATSON, Relator

**Original Proceeding from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 062770**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Schenck
Opinion by Justice Francis

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on his motions to quash the indictment, to compel discovery and to remove his counsel of record from the case. The State responded to the petition and provided the Court copies of orders signed by the trial court granting a motion to withdraw from the case filed by relator's counsel and appointing new counsel for relator. Thus, to the degree the petition seeks to compel the trial court to rule on relator's motion to remove his counsel from the case, because the trial court has ruled on the motion, the petition is moot. *See Dow Chem. Co. v. Garcia,* 909 S.W.2d 503, 505 (Tex. 1995)

With respect to relator's motions to quash the indictment and to compel discovery, which he states he filed "as a layperson," the trial court is not obligated to rule on relator's pro se motions filed while relator was represented by counsel. A criminal defendant has no right to hybrid representation. *See Patrick v. State,* 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (en

banc); *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981). Relator has been represented by counsel in this case at all relevant times. Therefore, the trial court has no legal duty to rule on the *pro se* motions. *In re Aitch*, No. 01-03-01185-CR, 2003 WL 22862682, at *1 (Tex. App.—Houston [1st Dist.] Dec. 4, 2003, orig. proceeding.).

We **DENY** the petition for writ of mandamus.

150514F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE