**DENY; and Opinion Filed September 16, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01059-CV

## IN RE KENNETH LEO BUHOLTZ, Relator

**Original Proceeding from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-51173-2010**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to set for hearing and rule on the following motions:

- Motion for Enforcement of Divorce Decree, filed October 30, 2013;

- Motion for Hearing, filed December 16, 2013 (pertains to Motion for Enforcement);

- Motion for Recusal, filed May 27, 2014;

- Motion for Correction of Judgment, filed May 27, 2014;

- Status Update Request, dated June 16, 2014;

- Motion for Order to Show Cause Why Dilia Lulieth Buholtz Should Not Be Held in Contempt, filed June 23, 2014; and

- Revision of Plaintiff's Motion to Appeal by Telephone, filed June 23, 2014.

The relator has previously filed two petitions for writs of mandamus which we denied for failure to properly authenticate the mandamus record. *See In re Buholtz*, No. 05-14-01286-CV, 2014

WL 5426127, at *1 (Tex. App.—Dallas Oct. 27, 2014, orig. proceeding) (mem. op.); *In re Buholtz*, No. 05-14-00955-CV, 2014 WL 3762535, at *1 (Tex. App.—Dallas July 30, 2014, orig. proceeding) (mem. op.).

The Court has received a clerk's record in this case which demonstrates that the case has been administratively transferred from the 219th Judicial District Court to the 469th Judicial District Court effective September 1, 2015. Accordingly, relator's motion to recuse the trial judge of the 219th Judicial District Court is moot. *See In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ( "A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings."); *State Bar of Tex. v. Gomez,* 891 S.W.2d 243, 245 (Tex. 1994) (orig. proceeding) (stating that for controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought); *Dow Chem. Co. v. Garcia,* 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding) (court will not issue mandamus if it would be useless or unavailing). With regard to the remainder of relator's motions, the judge of the new trial court is entitled to a reasonable time to rule. *See In re Amir-Sharif*, No. 05-14-01514-CV, 2015 WL 1346123, at *3 (Tex. App.—Dallas Mar. 25, 2015, no pet.) ("Given the substantial quantity of motions filed in this case and the number of judges who have presided over the case, until relator specifically identified the motions on which he sought a hearing, the motions upon which relator sought a ruling had not been properly called to the attention of the judge who assumed responsibility for the case.").

We deny the petition.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
151059F.P05                                                        JUSTICE

–2–