**Dismiss and Opinion Filed December 11, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01412-CV

## No. 05-15-01413-CV

## IN RE DONALD GENE BLANTON, Relator

**Original Proceeding from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 23078-86, No. 23592-86**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Schenck
Opinion by Justice Francis

In this petition for writ of mandamus, relator requests that the Court order the trial court to rule on his "Motion for State Production Indictment to the State's Sworn Affidavit Evidence Relied on To Defendant's Conviction Defendant Actually Innocent." Relator asks the trial court to order the State to submit a motion to the Texas Court of Criminal Appeals recommending that his convictions be immediately overturned. The trial judge filed a response to the petition for writ of mandamus explaining that he has taken no action on relator's motion because the trial court's plenary power over the cases has expired.

Although we agree that the trial court's "plenary jurisdiction" over the underlying judgments of conviction has expired, we also note the court retains the power and duty to address motions raising collateral post-conviction matters committed to it by statute or relevant

procedural rule. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (plurality opinion). As the Court of Criminal Appeals explained:

> When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court. The trial court has special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions specified by statute, such as finding facts in a habeas corpus setting, or as in this case, determining entitlement to DNA testing.

*Patrick*, 86 S.W.3d at 594 (footnotes omitted).

In this case, the trial court lacks the authority to grant the relief sought and has so advised relator by his response to the petition for writ of mandamus. Although the preferred and better practice is for trial courts to advise a party at the time the court determines it lacks authority to take action on a motion, no purpose would be served in this case by requiring the trial judge to sign an order conveying the same information by way of a denial of the motion. As a result, the petition for writ of mandamus is now moot. *See In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ( "A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings."); *Dow Chem. Co. v. Garcia,* 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding) (court will not issue mandamus if it would be useless or unavailing).

We dismiss the petition for want of jurisdiction.

151412F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE