ACCEPTED
03-17-00870-CV
21602520
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/4/2018 11:28 AM
JEFFREY D. KYLE
CLERK

**NO. 03-17-00870-CV**

**IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

1/4/2018 11:28:35 AM

JEFFREY D. KYLE
Clerk

# IN RE LEVIEN

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

**Original Proceeding from Cause No. D-1-GN-17-001-590
53rd District Court
Travis County, Texas**

**SALLEE S. SMYTH**
**Attorney at Law**
**SBT# 18779400**
**800 Jackson Street**
**Richmond, Texas 77469**
**(281) 238-6200**
**(281) 238-6202 (Fax)**
**smyth.sallee@gmail.com**

**ELLEN A. YARRELL**
**Ellen A. Yarrell, P.C.**
**SBT# 22138500**
**2900 Weslayan, Suite 350**
**Houston, Texas 77027**
**(713) 621-3332**
**(713) 621-3669 (Fax)**
**ellen@eayatty.com**

**Attorneys for Real Parties' In Interest
KENNETH LEVIEN, BARRY LEVIEN & PHILIP LEVIEN,
Trustees on Behalf of the Trust Established under Article Seven of
the Last Will and Testament of Arnold Levien**

**ORAL ARGUMENT REQUESTED, IN THE ALTERNATIVE**

# OBJECTION TO, ALTERNATIVELY REQUEST FOR, ORAL ARGUMENT

Real Parties' in Interest, the Trustees, assert that oral argument in this matter is not warranted and should be denied. However, in the event this Court should grant Relators' request for oral argument, then Real Parties' In Interest, the Trustees, request the opportunity to argue in response.

# ABBREVIATIONS

**Mandamus Record** …………………………………………… **MR**

**Supplemental Mandamus Record** ………………………… **Supp. MR**

Relators' *Petition for Writ of Mandamus* attaches documents which are referenced as Appendix Items 1 through 9. In addition, Relators have filed a mandamus *Record* including documents referenced in Tabs 1 through 12. While Relator's mandamus *Appendix* encompasses all items included in the *Record,* their numbering is not consistent. To avoid confusion, the Trustees' response will refer only to the documents included in the mandamus *Record,* specifically to Tabs 1 through 12 and include reference to the page number where that item appears in the PDF *Record* document, for example MR 12:562 refers to the *Record,* Tab 12 at PDF document page 562.

Additional documents included in a *Supplemental Mandamus Record* will be referenced as MR 13 through MR 22, reflecting the tab numbers assigned to each supplemental document included.

Because several parties bear the same surname and/or exist in similar capacities, for the convenience of the court and ease of understanding the following references will be used:

| PROPER NAME | POSSIBLE REFERENCES |
| --- | --- |
| TIM WHITTEN | Relator; Whitten |
| SCOTT RHODES | Relator; Rhodes |
| HARLAN LEVIEN and STEPHEN LEVIEN | Defendants; Harlan or Stephen |
| PARVIN JOHNSON, JR | Defendants; Johnson or Ives |
| KENNETH LEVIEN, BARRY LEVIEN and PHILIP LEVIEN | Real Parties in Interest, the Trustees; |

# SUPPLEMENT TO IDENTITY OF PARTIES & COUNSEL

Real Parties' in Interest, the Trustees, identify the following additional counsel of record on their behalf in this original proceeding:

Sallee S. Smyth
Attorney at Law
SBT# 18779400
800 Jackson Street
Richmond, Texas 77469
(713) 238-6200
(713) 238-6202 (Fax)
smyth.sallee@gmail.com

# TABLE OF CONTENTS

**PAGE**

OBJECTION TO, ALTERNATIVELY REQUEST FOR,
    ORAL ARGUMENT …………………………………………. i

ABBREVIATIONS ……………………………………………. ii

SUPPLEMENT TO IDENTITY OF PARTIES & COUNSEL …….. iii

TABLE OF CONTENTS …………………………………………. iv

INDEX OF AUTHORITIES …………………………………… vi

THE TRUSTEES'S STATEMENT OF THE CASE ………………... ix

RESPONSE TO ISSUE PRESENTED …………………………….. x

THE TRUSTEES' STATEMENT OF FACTS …………………… 1

SUMMARY OF THE TRUSTEES' ARGUMENTS ………………… 5

STANDARD OF REVIEW ……………………………………….. 7

RESPONSE TO ISSUE ONE (Restated)

  The trial court properly denied Relators' application and motion
  for protection which sought to excuse their required appearance as
  non-party witnesses at trial pursuant to trial subpoenas properly
  issued and served …………………………………………….. 8

ARGUMENT AND AUTHORITIES IN SUPPORT OF
  RESPONSE TO ISSUE ONE

    A. The Order challenged on mandamus does not compel
      disclosure of any specific testimony, privileged or
      otherwise …………………………………………………… 8

B. Existing trial court rulings already protecting the disclosure of privileged information from Whitten and Rhodes render mandamus moot ………………………… 13

C. The extraordinary remedy of mandamus under the circumstances presented is clearly unfounded ……………….. 16

D. Mandamus relief will severely prejudice the Trustees right to prosecute their claims and will foreclose a credibility determination by the jury …………………………………….. 17

    1.     The jury should be allowed to judge the witnesses' credibility ……………………………………………… 17

    2.     Evidentiary rulings and the withdrawal of objections subsequent to the Relators depositions leave questions unanswered ……………………………………………. 18

    3.     Discovery occurring after the Relators depositions generate new areas of examination …………………… 18

    4.     By taking Relators' depositions, the Trustees did not waive their right to subpoena the Relators as witnesses for trial ……………………………………………… 19

    5.     Relators' suggestion that this Court's prior mandamus decision excuses their testimony at trial is misplaced ….. 20

    6.     In summary, mandamus is not warranted ……………… 22

CONCLUSION AND PRAYER …………………………………… 22

CERTIFICATE OF COMPETENT EVIDENCE …………………….. 23

CERTIFICATE OF SERVICE ……………………………………….. 24

CERTIFICATE OF COMPLIANCE ……………………………….. 25

# INDEX OF AUTHORITIES

**PAGE**

## TEXAS RULES

*Tex. R. Civ. P. 176.1* …………………………………………………. 5, 10

*Tex. R. Civ. P. 176.2* ………………………………………………… .. 5, 10

*Tex. R. Civ. P. 176.6(e)* ……………………………………………….. ix, 2, 10

*Tex. R. Civ. P. 192.5* ………………………………………………… .. 6, 10

*Tex. R. Civ. P. 192.5(b)(2)* …………………………………………… 10

*Tex. R. Civ. P. 192.6(b)* …………………………………………….. 10

*Tex. R. Civ. P. 192.6(b)(1-5)* …………………………………………. 11

*Tex. R. Civ. P. 206.6(b)* …………………………………………….. 17

*Tex. R. Evid. 503* ……………………………………………………… 6

## TEXAS CASES

*Borden, Inc. v. Valdez*,
   773 S.W.2d 718 (Tex. App.—Corpus Christi 1989,
   no writ) …………………………………………………….. 12

*Camarena v. Tex. Emp't Comm'n*,
   754 S.W.2d 149 (Tex. 1988)  …………………………………... 16

*City of Garland v. Louton*,
   691 S.W.2d 603 (Tex. 1985) ………………………………… 16

*City of Keller v. Wilson*,
   168 S.W.3d 802 (Tex. 2005) ………………………………… 17

*Dow Chem. Co. v. Garcia,*
   909 S.W.2d 503 (Tex. 1995) ………………………………….    15

*Duval County Ranch v. Alamo Lumber Co.*,
   663 S.W.2d 627 (Tex. App. – Amarillo 1983, writ ref'd
   n.r.e.) …………………………………………………..    12

*Echols v. Olivarez,*
   85 S.W.3d 475 (Tex. App.--Austin 2002, no pet.) ………….    18

*Holcombe v. Fowler*,
   118 Tex. 42, 9 S.W.2d 1028 (Tex. 1928) …………………    15

*In re Bexar County Criminal District Attorneys' Office,*
   224 S.W.3d 182 (Tex. 2007) (orig. proceeding) ………………    7, 11

*In re Hays County Crim. Dist. Attorney's Office & Texas
Dept. of Family and Protective Servs.,*
   2010 Tex. App. LEXIS 8088 (Tex. App. – Austin
   October 1, 2010, orig. proceeding) ………………………….    16

*In re Kellogg Brown & Root, Inc.*,
   166 S.W.3d 732 (Tex. 2005) ………………………………….    15

*In re Levien,*
   2015 Tex. App. LEXIS 4391 (Tex. App. – Austin
   April 30, 2015) (orig. proceeding) (mem. opinion) …………….    1, 20

*In re Levien,*
   2016 Tex. App. LEXIS 9409 (Tex. App. – Austin
   August 26, 2016) (orig. proceeding) (mem. opinion) ………….    1

*Jim Walter Homes, Inc. v. Foster*,
   593 S.W.2d 749 (Tex. App. -- Eastland 1979, no writ) ……….    12

*Nat'l Union Fire Ins. Co. v. Valdez,*
   863 S.W.2d 458 (Tex. 1993) …………………………………    20

*Stoufflet v. Stoufflet*,
   2009 Tex. App. LEXIS 1899 (Tex. App. – Austin
   March 20, 2009, no pet.) …………………………………………    15

*Walker v. Packer,*
   827 S.W.2d 833 (Tex. 1992) ………………………………….    7, 17

# THE TRUSTEES' STATEMENT OF THE CASE

*Nature of the Underlying Proceeding.* The primary suit, pending in the 423rd District Court of Bastrop County, is one brought by the Trustees against the Defendants, two brothers who are former beneficiaries of a Trust and their adult adoptees, alleging various causes of action sounding in fraud and civil conspiracy. These claims primarily challenge the validity and/or effect of two separate adult adoption orders and seek to hold the Defendants liable for damages incurred by the Trust due to their conduct. Relators in this mandamus, Whitten and Rhodes, represented the Brothers in the adult adoption proceedings and are non-party witnesses in the fraud litigation.

*Respondent.* Respondent is the Honorable David Phillips, Visiting Judge in the 53rd District Court of Travis County, Texas where Relators' motion for protection the subject of this mandamus was heard in accordance with *Tex. R. Civ. P. 176.6(e)*.

*Respondent's actions.* Respondent denied Relators' application and motion for protection which sought to excuse their appearance as witnesses at trial pursuant to properly served trial subpoenas issued by the Trustees. More specifically, Relators challenge the trial court's December 19, 2017 *Order Denying Scott Rhodes' and Tim Whitten's Application and Motion for Protection,* which order generally directs them "to attend and give testimony at the trial relating to the case entitled *"Kenneth Levien, Barry Levien and Philip Levien, Trustees on Behalf of the Trust Established under Article Seven of the Last Will and Testament of Arnold Levien, Plaintiffs v. Harlan Levien and Stephen Levien, Defendants"* and filed under Cause No. 423-2681 pending in the 423rd Judicial District Court of Bastrop County, Texas, and remain at that place from day to day until discharged by the Court or Ellen A. Yarrell." (MR 12:562)

Relators contend that the December 19, 2017 order compels Relators disclosure of privileged information making it subject to mandamus relief. The Trustees disagree.

## RESPONSE TO ISSUE PRESENTED

**RESPONSE TO ISSUE ONE:** The trial court properly denied Relators' application and motion for protection which sought to excuse their required appearance as non-party witnesses at trial pursuant to trial subpoenas properly issued and served.

## THE TRUSTEES' STATEMENT OF FACTS

Based on matters considered in two prior mandamus proceedings[1], this Court is already familiar with a majority of the background facts and allegations surrounding the Trustees complaints against the Defendants in the underlying Bastrop County litigation. Those facts need not be detailed or repeated here to understand and analyze the issue presented for review.

Simply enough, two adult adoption proceedings stand at the center of the Trustees' claims against the Defendants in the Bastrop County litigation pending under Cause No. 423-2681 and styled *Kenneth Levien, Barry Levien and Philip Levien, Trustees on Behalf of the Trust Established under Article Seven of the Last Will and Testament of Arnold Levien, Plaintiffs v. Harlan Levien and Stephen Levien, Defendants.*

Relators, Scott Rhodes and Tim Whitten, assisted in the representation of Defendants, Harlan Levien and Stephen Levien, in the 2012 adoption proceedings and as a result they have been identified by all parties during discovery and in required pre-trial filings as non-party trial witnesses in the Bastrop County suit which is set to begin trial before a jury on January 29, 2018. (Supp. MR 12; Supp. MR 14)

---

[1] *In re Levien,* 2015 Tex. App. LEXIS 4391 (Tex. App. – Austin April 30, 2015) (orig. proceeding) (mem. opinion); *In re Levien,* 2016 Tex. App. LEXIS 9409 (Tex. App. – Austin August 26, 2016) (orig. proceeding) (mem. opinion)

1

In December 2016, during the discovery phase of the Bastrop County suit, Rhodes and Whitten were both deposed and subpoenaed to produce documents. (MR 3:218, 221; MR 4:334, 337)  All objections and claims of privilege asserted during those depositions as well as those directed to the related subpoenas duces tecum have now been resolved, either by the parties Rule 11 Agreement (MR:7:466) or rulings from the 53rd District Court of Travis County where Relators sought relief pursuant to *Tex. R. Civ. P. 176.6(e).*  (MR 9:502; Supp. MR 15)

On June 14, 2017, Rhodes and Whitten were each served in Travis County with trial subpoenas issued by the Trustees in contemplation of a jury trial scheduled to commence in the Bastrop County litigation on October 16, 2017. (Supp. MR 16; Supp. MR 17)  On that same date, under Cause No. D-1-GN-17-001590 in the 53rd Judicial District Court of Travis County, Texas, Rhodes and Whitten filed Applications and Motions for Protection from the trial subpoenas. (Supp. MR 18; Supp. MR 19)  On June 15, 2017 the Trustees filed separate motions to compel discovery relating to matters involving Whitten and Rhodes depositions.  (MR1:4; MR 2:116)

Whitten and Rhodes motions for protection from the trial subpoenas were heard and denied by Judge Amy Clark Meachum, 201st Civil District Court Judge,

on September 14, 2017.  (MR8:489-490)

Due to the events of Hurricane Harvey and its impact on the physical offices of Trustees' trial counsel, the Trustees were forced to request a continuance of the October 16, 2017 trial setting which was granted during a status conference before the Bastrop County District Court on October 11, 2017.  (MR 8:497, 499)  Trial was reset to January 29, 2018.  (MR 8:497)  As a result, the Trustees issued new trial subpoenas to Rhodes and Whitten to appear and give testimony on January 31, 2018 which subpoenas were duly served on Rhodes and Whitten in Travis County on October 25, 2017.  (MR 8:491, 494)

In light of Relators resistance to the Trustees prior trial subpoenas and the Travis County District Court's rulings denying Relators request for protection, on October 30, 2017 the Bastrop County District Court signed Orders obligating Whitten and Rhodes to appear for trial on January 31, 2018 subject only to their right to seek further protective orders.  (MR 8:497, 499)

On November 16, 2017 a hearing was held in Travis County to obtain rulings on the objections and privileges asserted during Whitten and Rhodes earlier depositions.  (Supp. MR 15)  At that hearing, Judge Meachum considered and ruled only on objections and privileges raised during Rhodes deposition.  (Supp. MR 15)  Judge Meachum ordered the parties to confer regarding the objections filed on Whitten's behalf and set a timetable to address these matters.  (Supp. MR

3

15) Judge Meachum ultimately ruled on those matters for which an agreement could not be reached and signed an order regarding Whitten's objections on December 15, 2017. (MR 9:502)

On December 1, 2017, in the existing Travis County cause, Relators again filed an application for protective order regarding the trial subpoenas issued and served in connection with the January 2018 trial setting. (MR 6:439) The Trustees filed a written response opposing the motion for protective order. (MR 8:470) Defendants filed a written response taking the position that Relators presence as live witnesses at trial was unnecessary. (MR 10:511) Relators filed an additional reply (MR 11:515) and a hearing on Relators' application was held on December 19, 2017 before the Hon. David Phillips, Visiting Judge in the 53rd District Court of Travis County, Texas. (MR 12:562) Judge Phillips denied the Relators' motion without prejudice to their right to seek further relief from the Bastrop County District Court presiding over the primary litigation. (MR 12:562) Relators have not sought protection in the Bastrop County District Court, but instead have filed this mandamus proceeding challenging Judge Phillips December 19, 2017 *Order Denying Scott Rhodes and Tim Whitten's Application and Motion for Protection.* (MR 12:562)

## SUMMARY OF THE TRUSTEES' ARGUMENTS

By this mandamus proceeding, Relators seek to avoid their appearance as live witnesses at trial. The entire premise of Relators' argument relies on the assertion that their expected trial examination will invade the attorney client and work product privileges. As a result, they contend that Judge Phillips December 19, 2017 *Order* compelling their appearance at trial equates to an order forcing disclosure of privileged and protected information justifying mandamus relief.

First and foremost, the challenged *Order* does not speak to the scope of Relators' testimony at trial but merely directs them to appear and give testimony in the Bastrop County proceedings on January 31, 2018. (MR 12:562) The subpoenas at issue are purely trial subpoenas which comply with the form required under *Tex. R. Civ. P. 176.1* and *Tex. R. Civ. P. 176.2.* (MR 8:491, 494) Nothing in those rules require the Trustees to identify the nature or scope of the witnesses expected examination and as such it was impossible for the trial court to "pre-judge" the admissibility of such testimony based solely on the Relators speculations.

Enforceable trial court rulings and agreements between the parties which address all of the objections and privileges asserted during Whitten and Rhodes prior depositions already exist to protect against disclosure of the attorney client and work product privileged information which Relators detail as a concern within

5

their mandamus petition, rendering this mandamus proceeding entirely moot on those issues before the petition was even filed.

To the extent that Relators face new and/or previously unchartered areas of questioning at trial which somehow implicates the provisions of *Tex. R. Civ. P. 192.5* (regarding protection of attorney work product) or *Tex. R. Evid. 503* (regarding protection of attorney client privileged information), Judge Duggan, presiding over the Bastrop County proceedings, is more than capable of addressing any and all objections and/or claims of privilege as they arise during trial, making this mandamus proceeding wholly unfounded as to those speculative matters.

Finally, there are numerous reasons which compel the Relators live testimony at trial, the most significant being to provide the jury an opportunity to judge their credibility and to afford the Trustees an opportunity to procure answers to the many questions which remain unanswered after orders overruling and/or agreements withdrawing objections and privileges can now be considered. Any potential benefits claimed by Relators in this mandamus proceeding do not outweigh the prejudice which will be caused by forestalling the Trustees' right to fully and further examine Whitten and Rhodes as witnesses before a jury.

## STANDARD OF REVIEW

A writ of mandamus will issue only to correct trial court actions when there has been a clear abuse of discretion and when the relator has no adequate remedy on appeal. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992).

A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner without reference to guiding rules and principles. *Id.* To obtain mandamus relief, Relators must establish that the trial court could reasonably have reached only one conclusion. *Id.* at 840.

In this case, the trial court has properly exercised its discretion denying protection from a trial subpoena and directing Relators to attend and give testimony at trial, nothing more and nothing less. (MR 12:562)

Although Relators do not specify a standard of review within their mandamus petition, they assert that the trial court's December 19, 2017 challenged *Order* forces them to disclose privileged information justifying mandamus relief, citing *In re Bexar County Criminal District Attorneys' Office,* 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding). The Trustees contend that Relators have grossly overstated the trial court's ruling as well as the applicability of the Supreme Court's decision in *Bexar County,* supra., arguing instead that under the requisite standards for mandamus review, no abuse of discretion has occurred.

7

## RESPONSE TO ISSUE ONE (Restated)

The trial court properly denied Relators' application and motion for protection which sought to excuse their required appearance as non-party witnesses at trial pursuant to trial subpoenas properly issued and served.

## ARGUMENTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO ISSUE ONE

A. The Order challenged on mandamus does not compel disclosure of any specific testimony, privileged or otherwise.

Relators entire challenge upon mandamus is premised upon their claim that the trial court's December 19, 2017 Order compels Whitten and Rhodes, prior attorneys for two of the Defendants in the Bastrop County litigation, to disclose privileged information about that representation. Clearly this claim overstates the terms of the *Order* they challenge which provides only the following:

> [Whitten and Rhodes] shall appear in the 423rd District Court of Bastrop County, Texas, located at the Bastrop County Courthouse, 804 Pecan Street, Bastrop, Texas 78602 at 9:00 a.m. on January 31, 2018 to attend and give testimony at the trial relating to the case entitled "*Kenneth Levien, Barry Levien and Philip Levien, Trustees on Behalf of the Trust Established under Article Seven of the Last Will and Testament of Arnold Levien, Plaintiffs v. Harlan Levien and Stephen Levien, Defendants*" and filed under Cause No. 423-2681 pending in the 423rd Judicial District Court of Bastrop County, Texas, and remain at that place from day to day until discharged by the Court or Ellen A. Yarrell.

(MR 12:562)

Relators mandamus challenge of this simple directive for their appearance at trial relies solely on their subjective belief that the only testimony they can

8

possibly provide will be testimony subject to protection under either the attorney client privilege or the attorney work product doctrine. The mandamus record establishes that this is simply not the case.

The Trustees note that there were a variety of questions and topics revealed during the Relators prior depositions to which no objections and/or privileges were ever asserted, including time frames of representation, when or if they met with any of the Defendants, specific client identification and questions regarding their billing. (MR 1: 21, 29-31, 38-39 , 57, 76, 81, 92 and 96; MR 2: 147, 157, 171, 172) All of these areas of examination live at trial are clearly permitted.

Further, regarding those deposition questions to which objections and/or privileges were raised, subsequent trial court orders which overrule some of these claims as well as subsequent agreements between the parties withdrawing a number of those prior objections leave numerous questions wholly unanswered by both Whitten and Rhodes, making it necessary for them to now answer those questions live at trial. (MR 1:37, 43, 45, 46, 62- 63, 65, 72, 73, 75-76, 79, 82-83; MR 2:141, 145, 147, 153, 154, 183, 191; MR 7:466; MR 9:502; Supp. MR 15)

Finally, discovery taking place after Whitten and Rhodes were deposed identified areas for examination of these two witnesses not yet covered in their depositions and to the extent that all discovery deadlines have now passed under

the applicable Docket Control Order, the Trustees may only seek answers to these new questions through an examination of the witnesses at trial. (Supp. MR 20)

For these and other strategic reasons, the Trustees issued general trial subpoenas in the form required by *Tex. R. Civ. P. 176.1* and *176.2* which were properly served on Whitten and Rhodes. (MR 8:491, 494) These subpoenas did not specify the nature or scope of the witnesses expected examination, nor were they required to. Even so, Whitten and Rhodes incorrectly presume that no testimony they can offer at trial will be outside the protective bubble of the attorney client or work product privilege. Based solely on this speculative misconception, they sought protection under the auspices of *Tex. R. Civ. P. 192.5(b)(2)* which requires a showing by the requesting party of substantial need for the information which cannot be obtained without undue hardship before the information may be compelled. (MR 6:439) Relators approach to their application for protection, and hence their arguments on mandamus, are completely misplaced.

*Tex. R. Civ. P. 176.6(e),* authorizing an individual to seek protection from a subpoena, implicates the provisions of *Tex. R. Civ. P. 192.6(b)* which gives the trial court *discretion* to grant a protective order as necessary to protect against any number of concerns including the invasion of personal rights and the protection against disclosure of attorney work product as detailed in *Tex. R. Civ. P. 192.5.* (… "the court ___*may*___ make any order in the interest of justice" …) (Emphasis added)

If warranted, the trial court ***may*** order that (1) the requested inquiry not be sought in whole or in part; (2) the extent or subject matter of the inquiry be limited; (3) the inquiry not be undertaken at the time or place specified; (4) the inquiry be undertaken upon terms or conditions as directed by the court; or (5) the results of the inquiry be sealed or otherwise protected. *Tex. R. Civ. P. 192.6(b)(1-5)* (Emphasis added)

In this case, Relators attempted to transform a general, straightforward trial subpoena into a specific, detailed request for protected and privileged information by hypothesizing and speculating on the scope of the Trustees' expected examination of them at trial solely because Relators are attorneys who previously represented two of the Defendants in proceedings relevant to the Bastrop County litigation. In doing so, Relators narrowly focused their arguments supporting protection in the trial court (and now on mandamus) on the Texas Supreme Court's holding in *In re Bexar County Criminal District Attorney's Office,* supra., specifically addressing the standards to discover attorney work product. In turn, this focus improperly attempted to shift the burden of securing a protective order from the Relators to the Trustees. This narrow and limited attack on an otherwise broad, general trial subpoena is misplaced and Whitten and Rhodes deserve no special treatment under the circumstances simply because they are lawyers to which attorney client and work product privileges may apply.

In the context of discovery, it has been said that such privileges were never intended to foreclose any opportunity to depose or examine an attorney, but rather only precludes those questions which may somehow invade upon the attorney-client confidences. *Borden, Inc. v. Valdez*, 773 S.W.2d 718, 720-21 (Tex. App.—Corpus Christi 1989, no writ). An attorney may not avoid examination in its entirety merely because some matters may be privileged, but must object when those inquiries are raised. *Id.* Other matters may exist which are not privileged and which an attorney may be called upon to answer … [f]or instance, the attorney-client privilege certainly does not encompass such nonconfidential matters as the terms and conditions of an attorney's employment and the purpose for which an attorney has been engaged." *Id.* citing *Duval County Ranch v. Alamo Lumber Co.*, 663 S.W.2d 627, 634 (Tex. App. – Amarillo 1983, writ ref'd n.r.e.) and *Jim Walter Homes, Inc. v. Foster*, 593 S.W.2d 749, 752 (Tex.. App. -- Eastland 1979, no writ). These principles should apply equally in the context of an attorney's examination, whether at a deposition or during testimony at trial.

In this case, the trial court clearly took a much broader view of the Relators protective order issue, that being whether or not the witnesses should appear live at trial. Ultimately in the exercise of its discretion over that issue, the trial court determined that the Trustees' basis for having Whitten and Rhodes appear live at trial outweighed any of the reasons offered to support a motion for protection,

clearly trusting that Relators potential concerns, if any, could be ably addressed by Judge Duggan while presiding over their testimony at trial in the Bastrop County litigation.

Because the trial court properly exercised its discretion and more significantly, did not order the disclosure of privileged or protected information, mandamus should be denied.

B. Existing trial court rulings already protecting the disclosure of privileged information from Whitten and Rhodes render mandamus moot.

The Trustees cannot fault Relators, as attorneys, for consistently seeking to guard against the disclosure of privileged or protected information regarding their former clients. However, in asserting their arguments which seek to completely foreclose their live testimony at trial, Relators fully ignore that the majority of their concerns as argued before the trial court and now raised in this mandamus have already been addressed.

Whitten and Rhodes were previously deposed in December 2016. (MR3:221; MR 4:337) Numerous objections and claims of both attorney and work product privilege were asserted during their deposition testimony as well as to the corresponding subpoenas duces tecum. (MR 2:198; MR 3:310) Many of these objections were withdrawn by a Rule 11 Agreement executed by the parties' shortly before the December 2017 hearing. (MR 7:466) All other objections and claims of privilege arising in connection with Relators' depositions were ruled

upon by the Travis County District Court. (MR 9:502; Supp. MR 15) The effect of these rulings narrowed the scope of Whitten and Rhodes testimony at trial on those matters to which Relators' and/or Defendants' objections were sustained. As argued below, these rulings also identified additional questions which would now need to be answered where objections were either overruled or withdrawn.

Within their mandamus petition, Relators identify numerous deposition questions posed by the Trustees counsel as examples of the examination they predict will occur at trial. (See *Petition,* pp. 3-4) The Trustees point out that as to Whitten's deposition, all objections raised to the specific questions identified were sustained except one which was overruled and one question was withdrawn by the plaintiffs. (MR 9:502; MR 7:466) As to Rhodes, all objections raised to the questions listed were sustained except one objection which Relators withdrew by agreement. (Supp. MR 15; MR 7:466) As such, the Trustees counsel is precluded from making a majority of those specific inquiries again at trial and as a result, the Relators' argument is moot, having been resolved before it was even lodged.

It should also be noted that Judge Duggan's privilege rulings from December 2014 remain in effect and exist to further protect Whitten and Rhodes from being compelled to testify regarding documents which have been fully protected and remain unavailable to the Trustees for their use at trial, narrowing the scope of their examination even further. (MR 11:554)

14

In effect, the prior trial court rulings, particularly those protecting disclosure of matters protected by the attorney client and work product privileges, already exist and operate to limit or narrow the scope of Whitten and Rhodes testimony before the jury, resolving the Relators' concerns raised in the trial court and now asserted on mandamus.

Citing, *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005), this Court has held that "[a]n issue becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings." *Stoufflet v. Stoufflet*, 2009 Tex. App. LEXIS 1899, at *24 (Tex. App. – Austin March 20, 2009, no pet.). Further, the Texas Supreme Court has acknowledged that mandamus should not issue "if for any reason it would be useless or unavailing," citing *Holcombe v. Fowler*, 118 Tex. 42, 9 S.W.2d 1028, 1028 (Tex. 1928). *Dow Chem. Co. v. Garcia,* 909 S.W.2d 503, 505 (Tex. 1995). In this case, the Trustees contend that the prior trial court rulings already address the identified issues and concerns which Relators now bring before this Court and nothing remains to be addressed on those matters.

To the extent that there may be new questions propounded at trial which may trigger new concerns regarding protected information, Whitten and Rhodes clearly maintain the right to object at that time and Judge Duggan presiding over the Bastrop County litigation will be available to rule. Because it would have been

15

impossible for Judge Phillips to pre-judge these issues before the Relators examination was underway, he did not abuse his discretion in denying the Relators' application for protection. *In re Hays County Crim. Dist. Attorney's Office & Texas Dept. of Family and Protective Servs.,* 2010 Tex. App. LEXIS 8088 *7-8 (Tex. App. – Austin October 1, 2010, orig. proceeding).

C. The extraordinary remedy of mandamus under the circumstances presented is clearly unfounded.

If the Relators issues are not moot, then the Trustees contend that mandamus regarding the appearance of Whitten and Rhodes as witnesses at trial is nevertheless unfounded under the circumstances.

Trial in the Bastrop County litigation will not commence until January 29, 2018. (Supp. MR 20) Whitten and Rhodes are not compelled to appear until January 31, 2018. (MR 8:491, 494) Not a single question before the jury to be impaneled has been asked and objections as authorized by the rules have not yet been lodged or ruled upon. To the extent that any previously unaddressed concerns regarding the admissibility of Relators' testimony may arise during trial, those can and will be addressed by the court at that time. It is fundamental that an appellate court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe. *City of Garland v. Louton*, 691 S.W.2d 603 (Tex. 1985); *Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). Furthermore, any perceived error affecting the jury's verdict and ultimately the trial court's

judgment which may be claimed as to rulings made during Relators live testimony before the jury may be asserted on appeal, proscribing the right to mandamus relief altogether when an adequate remedy by appeal is afforded. *Walker v. Packer,* 827 S.W.2d at 839.

D. <u>Mandamus relief will severely prejudice the Trustees right to prosecute their claims and will foreclose a credibility determination by the jury.</u>

In addition to the foregoing arguments, there are any number of reasons why Whitten and Rhodes should appear at trial to testify, establishing that the *Order* compelling them to do so was not a clear abuse of discretion.

1. <u>The jury should be allowed to judge the witnesses' credibility.</u>

The Bastrop County litigation is set to be tried before a jury and in those circumstances the jurors will be the sole judges of the credibility of the witnesses and the weight to give their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005).

Although a party may use deposition testimony in lieu of live testimony at trial, *Tex. R. Civ. P. 206.6(b)*, this may not always be appropriate for strategic or other reasons. Here, while Whitten and Rhodes were both deposed, those depositions were only recorded by stenographic means and no video was taken. (MR 3:221; MR 4:337) As such, reading their deposition testimony into evidence would not afford the jury the opportunity to observe the witnesses demeanor or consider the tone and inflection in their voices, experiences which are recognized

17

as vital to a trier of fact when determining credibility. *Echols v. Olivarez,* 85 S.W.3d 475, 477 (Tex. App.--Austin 2002, no pet.).

2. Evidentiary rulings and the withdrawal of objections subsequent to the Relators depositions leave questions unanswered.

Counsel for Whitten and Rhodes asserted numerous objections and privileges during their deposition leaving many questions unanswered. (MR 3:221; MR 4:337) As already stated, subsequent trial court orders overruling some of these objections now permit the Trustees to obtain those answers. (MR 9:502; Supp. MR 15) Further, Relators actually withdrew some of their objections and/or assertions of privilege to questions asked but not answered during their depositions, leaving those to now be answered as well. (MR 7:466) Pursuant to the effective Docket Control Order, discovery is now closed making the Relators appearance at trial to provide their responses to all of these matters necessary. (Supp. MR 15)

3. Discovery occurring after the Relators depositions generate new areas of examination.

Whitten and Rhodes were deposed in December 2016. (MR 3:221; MR 4:337) Thereafter, discovery in the Bastrop County litigation was ongoing, including depositions of the Defendants themselves, which has identified additional inquiries to be made of Whitten and Rhodes. For example, subsequent

18

discovery revealed certain conflicting testimony between Whitten and Ives which the Trustees are permitted to explore at trial.

Specifically, Whitten expressly testified during his deposition that he did not represent Defendant Kenneth Ives during the 2012 adult adoption proceedings. (MR 1:96, lines 8-11)  In contrast, Ives testified that he considered Whitten to be his counsel.  (Supp. MR 21:173, lines 17-25)  Resolution of this conflicting testimony may bear on the application of the attorney client privilege as to communications between or including these individuals and those may not be fully revealed until trial.

4. <u>By taking Relators' depositions, the Trustees did not waive their right to subpoena the Relators as witnesses for trial.</u>

Clearly, depositions are a discovery tool designed to elicit and secure sworn testimony for possible use at trial but nothing in the rules forces a party to choose between the use of a deposition or live testimony.  Propounding questions during a deposition does not waive a party's right to ask those same questions again at trial if for strategic reasons counsel determines live testimony makes a more favorable presentation.  There may be significant differences between how a witness reacts to a question during the more private setting of a deposition as opposed to what they exhibit in a courtroom before a jury.  Counsel may strategically choose to take a basic, investigative deposition, while reserving questions on certain issues for examination during trial.

The Supreme Court has noted, the proper presentation of a client's case demands that an attorney be able to plan his or her strategy without undue and needless interference. *Nat'l Union Fire Ins. Co. v. Valdez*, 863 S.W.2d 458, 461 (Tex. 1993). Granting Relators motion for protection from general trial subpoenas would needlessly interfere with the Trustees presentation of their case and was not warranted here.

In this case, there is absolutely no basis for interfering with the Trustees' right to call Whitten and Rhodes as live witnesses at trial and examine them fully within the parameters of the trial court's existing rulings on protected information and/or the applicable rules of evidence.

5. Relators' suggestion that this Court's prior mandamus decision excuses their testimony at trial is misplaced.

Relators argue that this Court's prior decision in *In re Levien,* 2015 Tex. App. LEXIS 4391 (Tex. App. – Austin April 30, 2015) (orig. proceeding), somehow excuses their testimony at trial. Relators cite to the language in that Opinion which suggested that the "only relevant considerations [related to an adult adoption] seem to be whether the petitioner resides in this State, whether the petition was filed in an appropriate district court of statutory county court, whether the petitioner's spouse joined the petition, whether the adult to be adopted consented in writing, and whether the petition and the adult to be adopted were present at the hearing." *Id.* at *13. (See *Petition,* p. 12) Relators assert that any

20

testimony they have to offer would be unrelated to these issues and/or that other evidence, including testimony from the Defendants themselves, could supply all of this information.

In the Bastrop County litigation, the Trustees have directly attacked the trial court's subject matter jurisdiction over Stephen's 2012 adoption of Ives, asserting that Stephen was not a Texas resident at the time of those proceedings and therefore the adoption order is void. (Supp. MR 22) This disputed issue will be resolved at trial by the jury.

As the attorneys responsible for preparation of the adult adoption pleadings which represented Stephen's Texas residency to the trial court in 2012, Whitten and Rhodes testimony regarding the extent of their knowledge and/or investigation of the facts relevant to this issue is directly relevant to the jurisdiction issue as well as to claims involving fraud upon the trial court in pursuit of the adult adoptions. The Trustees did not fully explore this topic with Relators during their depositions because they planned to do so at trial and there is no reason why they should be denied this opportunity. As such, this Court's 2015 mandamus decision actually encourages Whitten and Rhodes appearance as witnesses at trial in order to promote a full examination of the relevant facts necessary to resolve the disputed jurisdictional issue presented in this case.

6.  <u>In summary, mandamus is not warranted.</u>

All of foregoing arguments demonstrate that excusing Whitten and Rhodes from testifying at trial would severely prejudice the Trustees ability to present all relevant evidence for the jury's consideration.  Existing and enforceable pre-trial orders protect their concerns regarding disclosure of privileged and protected information and Judge Duggan remains in place to address any further issues which may arise at trial.  Overall, Relators have not established how the benefits of mandamus as addressing their concerns will outweigh the prejudice caused by forestalling the Trustees' right to examine them as witnesses during trial.

## CONCLUSION AND PRAYER

Based on the arguments asserted herein, Real Parties' In Interest, KENNETH LEVIEN, BARRY LEVIEN & PHILLIP LEVIEN, Trustees, request this Court to deny mandamus relief.  Real Parties' in Interest request such other relief to which they may show themselves entitled.

Respectfully submitted,

| | |
|---|---|
| /s/ Sallee S. Smyth | /s/ Ellen A. Yarrell |
| SALLEE S. SMYTH | ELLEN A. YARRELL |
| Attorney at Law | Ellen A. Yarrell, P.C. |
| SBT# 18779400 | SBT# 22138500 |
| 800 Jackson Street | 2900 Weslayan, Suite 350 |
| Richmond, Texas 77469 | Houston, Texas 77027 |
| (281) 238-6200 | (713) 621-3332 |
| (281) 238-6202 (Fax) | (713) 621-3669 (Fax) |
| smyth.sallee@gmail.com | ellen@eayatty.com |

Attorneys for Real Parties' In Interest
Trustees on Behalf of the Trust Established under
Article Seventh of the Last Will and Testament of Arnold Levien

## CERTIFICATE OF COMPETENT EVIDENCE

Pursuant to *Tex. R. App. P. Rule 52.3(j),* I certify that I have reviewed this *Response to Petition for Writ of Mandamus* and concluded that every factual statement in the response is supported by competent evidence included in the mandamus record and any supplements thereto.

/s/ Sallee S. Smyth
SALLEE S. SMYTH
Attorney for Real Parties' in Interest

23

# CERTIFICATE OF SERVICE

I certify that a true copy of the above *Response to Petition for Writ of Mandamus* was served on the following counsel of record in accordance with the Texas Rules of Civil and Appellate Procedure on this the ___4th___ day of January, 2018:

Kevin J. Terrazas
VIA EMAIL at kterrazas@clevelandterrazas.com
Attorney for Relators

John Kinchen
VIA EMAIL at jkinchen@hakllp.com
Attorney for Real Parties in Interest, the Defendants

Luis A. Fabrega
VIA EMAIL at lfabrega@fabregahood.com
Attorney for Real Parties in Interest, the Defendants

Judge David Phillips, Respondent
Travis County District Judges Office
VIA EMAIL at Lorraine.elzia@traviscountytx.gov

Judge Christopher D. Duggan
423RD District Court
804 Pecan Street
Bastrop, Texas 78602
VIA FEDERAL EXPRESS DELIVERY


 /s/   Sallee S. Smyth
SALLEE S. SMYTH

24

# CERTIFICATE OF COMPLIANCE

Pursuant to *Tex. R. App. P. Rule 9.4(i)(3)*, I certify that there are 4,999 words within this document exclusive of those contained in the caption, table of contents, index of authorities, issues presented, statement of the case, signatures, certificate of competent evidence, proof of service, and certificate of compliance, as tabulated by the computer program used in conjunction with the preparation of this document.


  /s/  Sallee S. Smyth
SALLEE S. SMYTH