BORDEN, INC., & James
Guffey, Relators,

v.

The Honorable Rogelio VALDEZ, Judge
of the 357th District Court of Cameron
County, Texas, Respondent.

No. 13–89–186–CV.

Court of Appeals of Texas,
Corpus Christi.

June 15, 1989.

Joseph G. Galagaza, Neel, Hooper & Kalmans, Houston, for relators.

Ruben R. Pena, Jones, Galligan, Key & Pena, Weslaco, for respondent.

Before UTTER, SEERDEN and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

This is a discovery mandamus proceeding. Relators, Borden, Inc., and James Guffey, seek a writ of mandamus directing the Honorable Rogelio Valdez, Judge of the 357th District Court of Cameron County, Texas, to rescind his order commanding Keith King to appear for a deposition and produce various items, or in the alternative, to modify his order to provide that Keith King may only be deposed in Franklin County, Ohio. We deny the writ of mandamus in part and conditionally grant the writ of mandamus in part.

Jose Homer De La Rosa, the real party in interest and plaintiff below, brought suit against relators alleging wrongful termination of employment in contravention of the Texas Workers' Compensation laws. During the discovery process, De La Rosa learned that Keith King, Borden's corporate labor counsel, was consulted by three of Borden's employees prior to De La Rosa's discharge and that King may be aware of relevant facts underlying the subject matter of the lawsuit. De La Rosa thereafter sought to depose King at De La Rosa's counsel's law offices in Hidalgo County, Texas.

Relators filed a motion requesting the trial judge to enter an order quashing De La Rosa's notice of intention to take King's oral deposition, and to enter a protective order regarding the subpoena duces tecum served in conjunction with that notice.[1] This motion further requested the trial judge to enter an order requiring De La Rosa to depose King in Franklin County, Ohio, should King be ordered to give an oral deposition.

In support of its motion, relators filed an affidavit of King in which he states that he has been employed as Borden's corporate labor counsel at all times relevant to the subject matter of this lawsuit, that he regularly transacts business and is based at Borden's headquarters in Franklin County, Ohio, and that he is licensed to practice law in Ohio. King describes his duties as corporate labor counsel as advising Borden's representatives in matters involving the employees' work performance, discipline, and termination of employment. He states that he was consulted by three different managers concerning De La Rosa's work performance and termination of employment and that he rendered legal advice to these individuals in this regard. He further states that he was responsible for retaining Borden's legal counsel in this lawsuit and that he continues to oversee this litigation on behalf of Borden, but that he has not been designated as Borden's corporate representative.

During the hearing on relators' motion, King's affidavit was the only evidence presented to the trial court. De La Rosa

---

1. We were informed by the parties during oral argument that the matters at issue in the subpoena duces tecum have been resolved by agreement. Therefore, these matters are not at issue in this mandamus proceeding and will not be further addressed.

did not present any evidence, and the deposition of Carl Sallinger which has been made a part of the record in our court was not before the trial court at the time it considered relators' motion. The trial court denied relators' motion in its entirety.

■ Mandamus will issue to correct trial court actions when there has been an abuse of discretion and when there is no adequate remedy by appeal. *Garcia v. Peeples,* 734 S.W.2d 343, 345 (Tex.1987); *Jampole v. Touchy,* 673 S.W.2d 569, 576 (Tex.1984). When a trial court improperly orders discovery of privileged matters or improperly orders that a deposition be taken at a location contrary to the Texas Rules of Civil Procedure, the order constitutes an abuse of discretion and remedy is by writ of mandamus. *Wal–Mart Stores, Inc. v. Street,* 754 S.W.2d 153, 155 (Tex.1988); *West v. Solito,* 563 S.W.2d 240, 244 (Tex. 1978).

By their first point, relators contend the trial court abused its discretion by ordering King to give deposition testimony regarding confidential communications occurring prior to the institution of the lawsuit. Relators argue that the communications involved the solicitation of legal advice by Borden's representatives who were entitled to both solicit and act on that advice.

■ During the hearing on relators' motion, the trial court orally pronounced that "any communications, et cetera, [made] before the filing of this lawsuit, protection is going to be denied[;] [a]ny communication, writing or advice, et cetera, after that is obviously going to be protected." However, the written order denied relators' motion to quash in general terms and does not expressly mention the pronouncement stated above. Although the order was "rendered" when it was orally pronounced in open court, neither the parties nor the trial court has sought to correct the written order in any way. *See UMC, Inc. v. Arthur Brothers, Inc.,* 626 S.W.2d 819, 820 (Tex.App.—Corpus Christi 1981), *writ ref'd n.r.e.,* 647 S.W.2d 244 (Tex.1982); *cf. Davis v. Davis,* 647 S.W.2d 781, 782–85 (Tex.App. —Austin 1983, no writ); *Petroleum Equipment Financial Corp. v. First National*

*Bank of Fort Worth,* 622 S.W.2d 152, 153–54 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.); *cf. also Wood v. Griffin & Brand,* 671 S.W.2d 125, 128–32 (Tex.App.—Corpus Christi 1984, no writ). Therefore, the written judgment controls over the oral pronouncement, and we will construe the trial court's order as merely permitting De La Rosa to depose King.

■ The purpose underlying the attorney-client privilege is to promote the unrestrained communication and contact between an attorney and client, without fear that the confidential communication will be disclosed by the attorney, voluntarily or involuntarily, in any legal proceeding. *See West,* 563 S.W.2d at 245; *Enos v. Baker,* 751 S.W.2d 946, 948–49 (Tex.App.—Houston [14th Dist.] 1988, original proceeding). However, not all statements and communications made by a client to an attorney are privileged, and the burden is on the party resisting discovery to show that the communication was, in fact, protected by the privilege. *See Turbodyne Corporation v. Heard,* 720 S.W.2d 802, 804 (Tex.1986); *Duval County Ranch Co. v. Alamo Lumber Co.,* 663 S.W.2d 627, 634 (Tex.App.— Amarillo 1983, writ ref'd n.r.e.).

■ In the present case, relators generally seek to protect King from being deposed altogether because his testimony would only relate to matters protected by the attorney-client privilege. Tex.R.Civ.P. 166b, § 3a; Tex.R.Civ.Evid. 503. The problem, however, is that no questions have been asked and we may only speculate as to the substance of what would be revealed should King be deposed. This, we cannot do. The attorney-client privilege was never intended to foreclose any opportunity to depose an attorney, but rather only precludes those questions which may somehow invade upon the attorney-client confidences. An attorney may not avoid a deposition in its entirety merely because some matters may be privileged, but must object when those inquiries are raised during the deposition. Other matters may exist which are not privileged and which an attorney may be called upon to answer. For instance, the attorney-client privilege certain-

ly does not encompass such nonconfidential matters as the terms and conditions of an attorney's employment and the purpose for which an attorney has been engaged. *Duval County Ranch*, 663 S.W.2d at 634; *Jim Walter Homes, Inc. v. Foster*, 593 S.W.2d 749, 752 (Tex.Civ.App.—Eastland 1979, no writ). Further, Tex.R.Civ.Evid. 503(d) lists various exceptions to the attorney-client privilege, the applicability of which may not be known until the attorney has, in fact, been deposed.

We hold that the trial court did not abuse its discretion in this regard. Unlike, *West v. Solito*, 563 S.W.2d at 244–45, the trial court in this case did not order King to answer all deposition questions and produce all documents, including those matters protected by the attorney-client privilege. The trial court merely ordered that King be deposed. Future objections based on the attorney-client privilege may still be entertained. Therefore, relators have not met their burden of showing that any of the communications were protected by the attorney-client privilege. Accordingly, we deny relators' request for a writ of mandamus in this regard.

■ By their second point, relators contend the trial court abused its discretion by denying their requested alternative relief that King be deposed only in Franklin County, Ohio.

Tex.R.Civ.P. 201(5) provides in relevant part that the time and place designated shall be reasonable. This rule further states that the deposition shall be taken: (1) in the county of the witness residence; (2) in the county where the witness is employed or regularly transacts business; or (3) at such other convenient place as may be directed by the court in which the cause is pending. However, the person or persons designated by a party under Tex.R.Civ.P. 201(4) may be deposed in the county of suit.

The record reveals that King is neither a party in this lawsuit, nor been designated as Borden's corporate representative. The record further reveals that King both resides and regularly transacts business in Franklin County, Ohio, as Borden's corporate labor counsel. Finally, there was no evidence presented to the trial court to show that it was reasonable or otherwise convenient for King to travel to Hidalgo County, Texas for a deposition.

We hold that the trial court abused its discretion by ordering King to be deposed at a location contrary to Tex.R.Civ.P. 201(5). *Compare Wal–Mart Stores, Inc. v. Street*, 754 S.W.2d 153, 155 (Tex.1988), *with Wal–Mart Stores, Inc. v. Street*, 761 S.W.2d 587, 589–91 (Tex.App.—Fort Worth 1988, original proceeding). Although De La Rosa argues that the court ordered the parties to seek a compromise regarding the location of the deposition, the record merely reflects that De La Rosa offered by way of a compromise to take the deposition in either Houston or Dallas. No agreement by the parties concerning the location of the deposition has been made a part of the record, and the trial court's order denying relators' alternative relief placed the location of the deposition in Hidalgo County, Texas.

We conditionally grant the petition for writ of mandamus directing the trial court to modify his order to provide that the deposition be taken in Franklin County, Ohio. Tex.R.App.P. 121. We are confident that the trial court will abide by our decision and a writ of mandamus will issue only if the trial court fails to do so. All other requested relief is denied.