ACCEPTED
03-17-00870-CV
21639645
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/5/2018 2:04 PM
JEFFREY D. KYLE
CLERK

No. 03-17-00870-CV

# In the
# Third Court of Appeals
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/5/2018 2:04:48 PM
JEFFREY D. KYLE
Clerk

IN RE LEVIEN

KENNETH LEVIEN, BARRY LEVIEN, AND PHILIP LEVIEN, TRUSTEES ON BEHALF OF THE TRUST ESTABLISHED UNDER ARTICLE SEVEN OF THE LAST WILL AND TESTAMENT OF ARNOLD LEVIEN,
*Real Parties in Interest/Plaintiffs*,

v.

HARLAN LEVIEN AND STEPHEN LEVIEN,
*Real Parties in Interest/Defendants*.

On Petition for Writ of Mandamus from the
53rd District Court of Travis County, Texas,
Cause No. D-1-GN-17-001590, Hon. David Phillips, Judge Presiding

**REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS**

Kevin J. Terrazas
  State Bar No. 24060708
Carlos Soltero
  State Bar No. 00791702
**CLEVELAND | TERRAZAS PLLC**
4611 Bee Cave Rd, # 306B
Austin, Texas 78746
512-680-3257

**ATTORNEYS FOR SCOTT RHODES AND TIM WHITTEN**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................................................ii

INDEX OF AUTHORITIES ...............................................................................................iii

INTRODUCTION................................................................................................................ 1

ARGUMENT ...................................................................................................................... 3

I.  THE DISTRICT COURT CLEARLY ABUSED ITS DISCRETION BY ORDERING
    ATTORNEYS RHODES AND WHITTEN BECAUSE THE TESTIMONY SOUGHT IS
    PRIVILEGED........................................................................................................ 3

    A.  *As Plaintiffs' Response Shows, They Intend to Elicit Privileged Testimony.* 3

    B.  *Plaintiffs Failed to Show "Substantial Need" or That They Could Not
        Obtain the Information by Other Means Without Undue Hardship.* ............ 9

        1.  Plaintiffs Did Not and Could Not Show Substantial Need Because
            the Testimony Sought Would Not Be Relevant to Any of the
            Underlying Considerations This Court Has Already Delineated..... 12
        2.  Plaintiffs Wholly Fail to Show That They Could Not Obtain the
            Substantial Equivalent of Any Relevant Testimony by Other Means
            Without 'Undue Hardship.'.............................................................. 15

II. PLAINTIFFS' ARGUMENT THAT RELATORS COULD APPEAL ANY DISCLOSURE OF
    PRIVILEGED INFORMATION AFTER THE FACT DEFIES WELL-SETTLED LAW. ........ 16

PRAYER ......................................................................................................................... 18

CERTIFICATION ............................................................................................................. 19

CERTIFICATE OF COMPLIANCE......................................................................................20

CERTIFICATE OF SERVICE ............................................................................................. 21

# INDEX OF AUTHORITIES

**CASES** .................................................................................................................**PAGE(S)**

*Borden, Inc. v. Valdez*, 773 S.W.2d 718 (Tex. App.—Corpus Christi 1989, no writ)...... 11

*Cavin v. Abbott*, No. 03-16-00395-CV, 2017 Tex. App. LEXIS 6511
(Tex. App.—Austin July 14, 2017, no pet.) ................................................................. 6

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005) ..................................................... 14

*Echols v. Olivarez*, 85 S.W.3d 475 (Tex. App.—Austin 2002, no pet.) ........................... 14

*In re Baptist Hosp. of Se. Tex.*, 172 S.W.3d 136 (Tex. App.—Beaumont 2005)............ 4, 7

*In re Bexar Cnty. Crim. Dist. Atty's Office*, 224 S.W.3d 182 (Tex. 2007) ...............*passim*

*In re Hays Cnty. Crim. Dist. Attorney's Office*, No. 03-10-00479-CV,
2010 Tex. App. LEXIS 8088 (Tex. App.—Austin Oct. 1, 2010, no pet.) ................... 12

*In re Levien*, 03-14-00822-CV, 2015 Tex. App. LEXIS 4391
(Tex. App.—Austin Apr. 30, 2015) .......................................................................5, 16

*In re Nat'l Lloyds*, No. 15-0591, 2017 Tex. LEXIS 522 (Tex. June 9, 2017).................. 12

*Nat'l Union Fire Ins. Co. v. Valdez*, 863 S.W.2d 458 (Tex. 1993) .................................. 15

*Pressley v. Casar*, No. 03-15-00368-CV, No. 03-15-00505-CV,
2016 Tex. App. LEXIS 13651 (Tex. App.—Austin Dec. 23, 2016, pet. filed) ............. 6

*Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244
(Tex. App.—Houston [14th Dist.] 2003, pet. denied) .................................................. 9

**STATUTES/RULES** ................................................................................................**PAGE(S)**

TEX. R. CIV. P. 176.6 ......................................................................................................... 18

TEX. DISC. R. PROF. CONDUCT 1.05(a) ............................................................................ 10

## INTRODUCTION

As Real Parties in Interest/Plaintiffs' Response shows, they seek to elicit privileged testimony from two attorneys concerning their representation of clients and the communications that occurred during and in furtherance of that representation. Indeed, Plaintiffs make that clear on page 21 of their Response:

> As the attorneys responsible for preparation of the adult adoption pleadings which represented Stephen's Texas residency to the trial court in 2012, Whitten['s] and Rhodes['s] testimony ***regarding the extent of their knowledge and/or investigation of the facts relevant to this issue*** is directly relevant to the jurisdiction issue as well as to the claims involving fraud upon the trial court in pursuit of the adult adoptions.

Response at 21 (emphasis added).[1]

This sought-after information—what Attorneys Rhodes and Whitten learned from their clients and/or investigated during their representation—is highly confidential and privileged attorney/client communications and core work product. Therefore, the trial testimony sought would clearly violate the Texas Rules and the Texas Supreme Court's prohibition on eliciting privileged testimony.

And even if Plaintiffs could in good-faith allege there may possibly be information that would fall outside the sphere of core work product, Plaintiffs made no attempt before the trial court and make no attempt in their Response to meet the Texas Supreme Court's enumerated "heavy burden" to justify such testimony. Plaintiffs provide virtually no support for any substantial need for such testimony and did not even address the fact that

---

[1] As discussed further below, the only other specific reference to any testimony sought is related to a portion of Attorney Whitten's testimony that was objected to and sustained by agreement such that according to Plaintiffs, they could not elicit that testimony regardless.

1

they could get the same information from another source without undue hardship.

Rather than address the relevant standard, Plaintiffs have resorted to vague, high-level generalities about why they would ideally like—but not that they need—such testimony. Indeed, the primary reason Plaintiffs articulate for demanding that these attorneys testify in trial is that Plaintiffs made the conscious decision to not videotape the prior deposition testimony of Attorneys Rhodes and Whitten. They contend that they "need" these attorneys live to testify at trial because allegedly the jury would not have the opportunity to observe the "witnesses['] demeanor or consider the tone and inflection in their voices." Response at 17. But that is not, and has never been a reason to allow parties to question attorneys about their work during a prior representation—the only information that Attorneys Rhodes and Whitten would have related to the underlying case. Their other reasons are similar, including the generic and bold statement that Plaintiffs "have an absolute right to present their case at trial in the manner which they and their counsel deem strategically appropriate," and that somehow this Court granting reasonable and proper mandamus relief "would needlessly interfere with [Plaintiffs'] presentation of their case." Response at 20.

The fact of the matter is that Plaintiffs have not and cannot show that there is any need (much less substantial) for any of the testimony they seek to elicit from Attorneys Rhodes and Whitten and it is evident that Plaintiffs could get all of the requested information from other sources without undue hardship. Therefore, according to the Texas Supreme Court's clear guidance, Plaintiffs have failed to meet their "heavy burden" and a writ of mandamus should issue.

**ARGUMENT**

As Plaintiffs' Response shows, the trial court clearly abused its discretion in ordering Attorneys Rhodes and Whitten to testify at trial because the only information Plaintiffs claim to seek from Attorneys Rhodes and Whitten would be privileged and Plaintiffs have wholly failed to even challenge that they cannot show that there is a substantial need for any testimony or that they could not obtain the substantial equivalent of the testimony by other means without undue hardship.

**I.     THE DISTRICT COURT CLEARLY ABUSED ITS DISCRETION BY ORDERING ATTORNEYS RHODES AND WHITTEN BECAUSE THE TESTIMONY SOUGHT IS PRIVILEGED.**

The district court clearly abused its discretion in ordering Attorneys Rhodes and Whitten to testify about their actions and communications during their representation of Defendants because, as the Response again shows, the only purpose for this testimony would be to try to elicit privileged communications in violation of the law.

**A.     *As Plaintiffs' Response Shows, They Intend to Elicit Privileged Testimony*.**

As the Texas Supreme Court has held, all of the work performed in connection with a representation, including the decisions of what actions to take and the steps and research necessary to get there constitutes work product. *In re Bexar Cnty. Crim. Dist. Atty's Office*, 224 S.W.3d 182, 187 (Tex. 2007) ("all of the DA's Office's work in connection with the criminal proceeding against Crudup, and relevant to the decision to bring criminal charges against him, constitutes work product, namely 'material prepared or mental impressions developed in anticipation of litigation or for trial' or communications 'made in anticipation of litigation or for trial . . . among a party's representatives' under Rule 192.5(a)").

3

Here, the only information that is sought from Attorneys Rhodes and Whitten are the actions taken during their representation of Defendants and communications commensurate with that representation in the adult adoption proceeding, a litigation matter. The Court need look no further than Plaintiffs' Response:

> Whitten['s] and Rhodes['s] testimony *regarding the extent of their knowledge and/or investigation of the facts relevant to* [the residency of Stephen Levien] is directly relevant to the jurisdiction issue as well as to the claims involving fraud upon the trial court in pursuit of the adult adoptions.

Response at 21 (emphasis added). In other words, Plaintiffs seek to elicit from Attorneys Rhodes and Whitten: (1) the knowledge they learned from communications with their clients or investigation during the representation; and (2) the steps they took, information they found, and communications they had related to any investigation of Mr. Levien's residency during the representation. That is the epitome of privileged information. *See Bexar Cnty.*, 224 S.W.3d at 187 ("For purposes of his civil case, conversations made in the course of the criminal investigation, information learned during that investigation, and the DA's decision to drop the case all constitute work product as defined above"). And any disclosure would potentially place them in a position to be subject to arguments that they would be violating their duties of confidentiality to their clients—a point Plaintiffs do not even address. *See* TEX. DISC. R. PROF. CONDUCT 1.05(a); *see also In re Baptist Hosp. of Se. Tex.*, 172 S.W.3d 136, 145 (Tex. App.—Beaumont 2005) (orig. proceeding) (soliciting testimony from attorneys for the adverse party has a great potential to be subject to mischief and referred to it as "inappropriate under most circumstances").

Moreover, Plaintiffs' previous repeated questioning of Attorneys Rhodes and

4

Whitten on privileged subjects, in an attempt to have them disclose work product and attorney-client communications shows that they intend to again focus on eliciting privileged information at trial. *See, e.g.*, App. 2 at Exs. 7 & 8 (Declarations of Rhodes and Whitten); App. 2 at Ex. 1 (seeking all invoices, contracts, and any other document "evidencing the contractual relationship with Harlan Levien, Stephen Levien, Kenneth Ives, or Parvin Johnson, Jr. since January 2012 to present); App. 5 at Ex. 3 (Whitten Depo.) at 24:13-15, 26:4-5, 31:10-12, 30:7-10, 62:22-25, & 77:22-24; App. 6 at Ex. 3 (Rhodes Depo.) at 39:2-7, 41:7-9, 45:5-13, 56:22-23, & 64:2-5. This is a continued effort by Plaintiffs, who were previously rebuffed by this Court in their attempt to break the privilege related to the intent of the parties in pursuing the adoption. *See In re Levien*, 03-14-00822-CV, 2015 Tex. App. LEXIS 4391, *14 (Tex. App.—Austin Apr. 30, 2015) (orig. proc.). ("Accordingly, the intent of the parties to the adoption does not bear upon the adoption process, and for that reason, evidence establishing the Leviens' purpose for pursuing the adult adoptions cannot establish a prima facie showing that the Leviens were contemplating the commission of a fraudulent adoption.").

Indeed, despite knowing that they would need to provide specific topics and testimony that they are seeking and justify why they have a substantial need for such testimony, at no point do Plaintiffs identify any specific testimony or question that they asked throughout the two depositions that was left unanswered or that was in any way related to the claims or defenses of the case. Instead, Plaintiffs resort to high level generalities and abstractions.

Specifically, despite claiming that withdrawals or overruling of objections would

require Attorneys Rhodes and Whitten to answer questions, Plaintiffs fail to identify a single example of such—or why such testimony is necessary. *See* Response at 9. For example, Plaintiffs supposedly cite a number of pages that they suggest questions are wholly unanswered. But "[t]his is akin to the summary-judgment non-movant who, while having the burden, merely points to a voluminous record, assures the court that a fact issue is in there somewhere, and leaves it to the court to figure out why or how—a practice long deemed insufficient to defeat summary judgment." *Cavin v. Abbott*, No. 03-16-00395-CV, 2017 Tex. App. LEXIS 6511, at \*46 (Tex. App.—Austin July 14, 2017, no pet.) (citing *Pressley v. Casar*, No. 03-15-00368-CV, No. 03-15-00505-CV, 2016 Tex. App. LEXIS 13651, at \*17-18 (Tex. App.—Austin Dec. 23, 2016, pet. filed) (mem. op.)). And a cursory look at those pages contradict Plaintiffs' assertions. For instance, Plaintiffs cite to "MR 1:37" but Mr. Whitten answered the exact question asked on the next page—"I don't remember." Record Tab 1 at Ex. 3 ("Whitten Depo.") at 22:15. The same thing happened—Whitten fully answered the questions at Plaintiffs' citations of "MR 1: . . . 43, . . . 63 . . . 65 [which was answered at Whitten Depo. 51:10-23], . . . 73, 75-76 [answered at Whitten Depo. 60:3-13], . . . 75-76 [answered at Whitten Depo. 67:1-4, 69:1-6], 79 [same], 82-83. Others, such as on pages "MR 1: . . . 46" had instructions that were sustained by the Travis County District Court. App.7 at 3 (sustaining objection to Whitten Depo. 30:7-10). And others, such as "MR 1: . . . 62 . . . 72" were challenges that were withdrawn. *See* App.8 at 2-3 (Plaintiffs withdrawing challenge to privilege instruction for Whitten Depo. 46:24, 56:12, 56:18). Likewise, for the Rhodes deposition, there is not a single non-privileged question that was not answered. *See* Response at 9 (citing "MR

2:141, 145, 147, 153, 154, 183 [the objections were sustained by the Travis County Court, Supp.Record.15 at 1], 191 [same]).  Even if there was a question that was not answered, Plaintiffs have numerous means of obtaining such information from other sources (or from such things as a deposition by written questions) and have not provided any reason why any of the information would be relevant or necessary.  *See In re Baptist Hosps.*, 172 S.W.3d at 145 ("Rule 192.4 authorizes the court to limit discovery methods permitted by the rules if the discovery is obtainable from some other source that is more convenient, less burdensome, or less expensive, or if the burden or expense of the proposed discovery outweighs its likely benefit.").

The only specific testimony (other than the clear work product and attorney-client communications discussed above) to which Plaintiffs' Response refers is an assertion that later discovery showed a conflict between Attorney Whitten's deposition testimony and that of Defendant Kenneth Ives.  Response at 18-19.  Plaintiffs' contention is flawed for several reasons: waiver, that they already have evidence of the alleged "conflict", and that it bears no relation to the dispute.  First, Plaintiffs neglect to tell the Court that the cited testimony from Attorney Whitten was objected to and any challenge to such objection ***has been waived by agreement***, *see* App.8 at 3 (Plaintiffs did not challenge objection to Whitten Depo. 80:10 and agreed that "any form or privilege objections to the December 15, 2016 depositions of Scott Rhodes and Tim Whitten that have not been . . . challenged and ruled on by the Travis County District Court . . . will not be challenged in any current or future proceeding in any court or other tribunal of any jurisdiction")—meaning according to Plaintiffs that they could not use that testimony regardless, *see* Response at

7

14. Second, if Plaintiffs seek to show that there is a "conflict" or "disparity" between what Attorney Whitten said at his deposition and the clients said at their deposition, they already have that information, and thus have no "need" much less a "substantial need" on that ground. Further, contrary to Plaintiffs' assertions, a jury at the end of the case would not resolve conflicts as to whether the attorney-client privilege applied. Instead, that is a judicial determination that Plaintiffs do not contest can be made based on documents and depositions testimony. *See, e.g.*, App.7 (Travis County Court determining privilege objections for deposition testimony); App.4 at Ex. 10 (Bastrop County Court determining privilege objections for documents). Finally, as provided in Relator's petition (and left unaddressed by Plaintiffs), any subjective belief Attorneys Rhodes and Whitten have as to an attorney-client relationship is irrelevant. *See Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 254 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

Rather than address the merits of the Texas Supreme Court's decision in *Bexar County*, Plaintiffs simply assert that Relators have interpreted *Bexar County* too broadly and suggest that a general trial subpoena can never be quashed because the trial court can determine whether testimony sought to be elicited would be privileged such that all witnesses are protected. But *Bexar County* involved remarkably similar arguments and circumstances as in the case at bar—a general trial subpoena issued after a deposition (in that case by written questions) along with a subpoena duces tecum. 224 S.W.3d at 184. The fact that it was a general trial subpoena was of no moment to the Texas Supreme Court—"*all* of the DA's Office's work in connection with the criminal proceeding against Crudup, and relevant to the decision to bring criminal charges against him, constitutes work

8

product, namely 'material prepared or mental impressions developed in anticipation of litigation or for trial' or communications 'made in anticipation of litigation or for trial . . . among a party's representatives' under Rule 192.5(a)." 224 S.W.3d at 187 (emphasis added). In *Bexar County,* the trial subpoena also did not explicitly order the disclosure of privileged information—the Court was concerned that the subpoena would require trial testimony by attorneys whose only involvement with the matter was based on their representation, which would invariably involve privileged communications and work product. *Id.* That is exactly the case here; Plaintiffs have provided in their brief that the only issue for which they seek testimony potentially relevant to their claims—the residency of Stephen Levien—would involve work product and attorney/client communications. *See* Response at 21. Like in *Bexar County*, Plaintiffs have not shown any relevance to general matters that might be fair game and have not identified any specific examples of non-privileged information they would need. *See* 224 S.W.3d at 187. The fact of the matter is that all of the information Plaintiffs actually seek at trial for Attorneys Rhodes and Whitten is privileged and could only have been learned by Attorneys Rhodes and Whitten through attorney-client communications or work product during the representation. App. 2 at Exs. 7 & 8. Therefore, because Plaintiffs would be seeking to elicit attorney-client communications and core work product, mandamus should issue.

**B.** ***Plaintiffs Failed to Show "Substantial Need" or That They Could Not Obtain the Information by Other Means Without Undue Hardship.***

Plaintiffs argue that by relying on the Texas Supreme Court's decision in *Bexar County*, that Attorneys Rhodes and Whitten are somehow improperly shifting "the burden

of securing a protective order from the Relators to the Trustees." Response at 11. To the contrary, it is Plaintiffs' own Response that requires the shifting of burdens—by seeking work product (even assuming it would be non-core work product) the Texas Supreme Court has said that the proponent of the testimony "bears a heavy burden: he must show that he 'has substantial need' for the testimony in the preparation of his case and that he 'is unable without undue hardship to obtain the substantial equivalent of the material by other means.'" 224 S.W.3d at 188.

Relying on *Borden, Inc. v. Valdez*, 773 S.W.2d 718 (Tex. App.—Corpus Christi 1989, no writ), Plaintiffs argue that the trial testimony cannot be foreclosed because there is the potential that some matters during the examination would not be privileged. Response at 12. But *Borden* involved a deposition and there was no evidence of what information would be sought prior to that deposition being taken: "[t]he problem, however, is that no questions have been asked and we may only speculate as to the substance of what would be revealed should King be deposed. This, we cannot do." *Borden*, 773 S.W.2d at 720-21. Here, depositions have already been taken and it is very evident that Plaintiffs repeatedly sought privileged information and will seek that again during trial. *See* Response at 21; App. 2 at Exs. 7 & 8; App. 2 at Ex. 1; App. 5 at Ex. 3 at 24:13-15, 26:4-5, 31:10-12, 30:7-10, 62:22-25, & 77:22-24; App. 6 at Ex. 3 at 39:2-7, 41:7-9, 45:5-13, 56:22-23, & 64:2-5. Therefore, unlike *Borden*, the fact that Plaintiffs have expressly stated they will be seeking privileged information (including in their Response) means that they must show substantial need and inability to obtain the information from other sources without undue hardship.

10

Plaintiffs also assert that Attorneys Rhodes and Whitten "deserve no special treatment under the circumstances simply because they are lawyers to which attorney client and work product privileges may apply." Response at 11. But this Court, in a related context, has disagreed. In *In re Hays County Criminal Dist. Attorney's Office*—a case cited by Plaintiffs—this Court distinguished attorneys testifying from that of a police officer that was subpoenaed to testify at a hearing. No. 03-10-00479-CV, 2010 Tex. App. LEXIS 8088, at *7 n3 (Tex. App.—Austin Oct. 1, 2010, no pet.) (orig. proc.) (mem. op.). This Court explained that a police officer is treated differently from attorneys representing their clients, the latter of which would be controlled by the Texas Supreme Court's standard laid out in *Bexar County*. *Id*. In other words, attorneys ***are*** treated differently when they are to testify about the actions taken and communications made during their representation—exactly what Plaintiffs have shown they seek to elicit here. *See* Response at 21.

Because Plaintiffs' seek to elicit information that would, at a minimum, require the disclosure of privileged non-core work product, they were required to show substantial need and inability to obtain the substantial equivalent of that information from another source without undue burden. *See Bexar Cnty*., 224 S.W.3d at 188; *accord In re Nat'l Lloyds*, No. 15-0591, 2017 Tex. LEXIS 522, *20 (Tex. June 9, 2017) (orig. proceeding). Plaintiffs have not (and cannot) done so.

**1.**    **Plaintiffs Did Not and Could Not Show Substantial Need Because the Testimony Sought Would Not Be Relevant to Any of the Underlying Considerations This Court Has Already Delineated.**

The district court clearly abused its discretion in ordering Attorneys Rhodes and Whitten to testify because, even assuming Plaintiffs sought non-core work product, Plaintiffs did not show that there was a substantial need for the testimony.

Plaintiffs do not challenge that through their subpoenas and in their depositions, Plaintiffs have asked for information related only to the representation by Attorneys Rhodes and Whitten. *See* App. 2 at Exs. 7 & 8; *id.* at Exs. 1 & 2; App. 5 at Ex. 3 (Whitten Depo.) at 24:13-15, 26:4-5, 31:10-12, 30:7-10, 62:22-25, & 77:22-24; App. 6 at Ex. 3 (Rhodes Depo.) at 39:2-7, 41:7-9, 45:5-13, 56:22-23, & 64:2-5. Now in their Response, they explain that they seek "the extent of their knowledge and/or investigation of the facts relevant to" the residency of Stephen Levien. Response at 21. Like in *Bexar County*, "[Plaintiffs] continued to demonstrate [their] intention to interrogate [Rhodes and Whitten] about case-specific details. Such testimony would unquestionably require the disclosure of [attorney] work product, which, at a minimum, places the burden on [Plaintiffs] to show a 'substantial need' for the testimony and the inability to obtain its substantial equivalent by other means without 'undue hardship.'" 224 S.W.3d at 188.

Plaintiffs assert that they will be precluded from "making a majority of those specific inquiries again at trial." Response at 14. But that then begs the question—why isn't the previous redacted billing records, engagement agreement, and deposition testimony sufficient such that there is still a substantial need for additional questions regarding Attorneys Rhodes's and Whitten's representation?

12

Plaintiffs assert that because they made the conscious decision to not videotape the depositions, live testimony is essential to permit the jury to assess Attorneys Rhodes and Whitten's credibility. Response at 17-18. But Plaintiffs' decision to avoid videotaping the depositions (full well knowing, as with any witness, that Attorneys Rhodes and Whitten may not be available for trial—particularly more than a year after their depositions) is not a justification for live testimony. As provided in the rules, written deposition is fully competent evidence for trial. TEX. R. CIV. P. 206.3(b). Nor do Plaintiffs cite to any case that overrules a motion to quash or for protection of a trial subpoena simply because a prior deposition was not videotaped. Instead, Plaintiffs cite to such cases as *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) and *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.), neither of which discusses this issue. Indeed, *City of Keller* (a landmark case on the legal sufficiency standard) discussed solely that juries are the sole judges of credibility. 168 S.W.3d at 819. And *Echols* stands for the well-settled principle that a trial court is in a better position to judge the evidence as a whole than an appellate court. 85 S.W.3d at 477. Neither states or suggests that live testimony is "vital . . . when determining credibility," Response at 18, or that a judge or jury cannot judge the credibility of a witness based on written deposition testimony (assuming that any testimony would even be relevant to the issues at hand, which has not been shown here).

Plaintiffs also cite to *National Union Fire Insurance Co. v. Valdez*, 863 S.W.2d 458, 461 (Tex. 1993) for the proposition that "the proper presentation of a client's case demands that an attorney be able to plan his or her strategy without undue and needless interference." Response at 20. Importantly, the ***very next sentence*** in the Texas Supreme Court's opinion

13

proves Relators' point—"Based on this doctrine, federal courts have recognized that an attorney's selection and ordering of documents in anticipation of litigation is protected work product, even where the individual documents are not privileged." *Valdez*, 863 S.W.2d at 461. In short, *Valdez* was not authorizing the live testimony of an attorney at trial, it was protecting the disclosure of an attorney's work product contained in a litigation file. Plaintiffs here are seeking the mental processes, impressions, and client communications from two attorneys. *See* Response at 21. As *Valdez* supports, that information is privileged.

Plaintiffs further do not address the Texas Supreme Court's determination in *Bexar County* that while live testimony may be preferred, it is hardly required. "To be sure, granting Crudup access to live DA testimony might improve his chances in court, but improving a civil litigant's odds of winning is not enough." 224 S.W.3d at 188; *see also id*. at 189 ("Understandably, Crudup desires live testimony to fortify his case, but Rule 192.5(b)(2) is not nearly so permissive."). In *Bexar County*, the Court understood that live testimony might be helpful and that some information would not be privileged (including in that case the already produced prosecution file), but still precluded the live testimony because there was not a showing of substantial need. Plaintiffs' conscious decision to not videotape two depositions of attorneys, or the possibility that "[t]here may be significant differences between how a witness reacts to a question during the more private setting of a deposition as opposed to what they exhibit in a courtroom before a jury," Response at 19, has never been shown to meet the substantial need prong.

14

Plaintiffs also have not provided any specific non-privileged information they would be seeking that would be relevant to the issues in the underlying case. *Levien*, 2015 Tex. App. LEXIS 4391 at \*13 ("the only considerations [related to an adult adoption] seem to be whether the petitioner resides in this State, whether the petition was filed in an appropriate district court or statutory county court, whether the petitioner's spouse joined the petition, whether the adult to be adopted consented in writing, and whether the petitioner and the adult to be adopted were present at the hearing." (internal citations and quotation marks omitted) (emphasis added)). Plaintiffs cannot simply state that relevant information is needed without even providing what specifically that information is. Nor does a conclusory assertion that Plaintiffs would be "severely prejudice[d]" in their ability to present all relevant evidence show substantial need. *See* Response at 22.

Because Plaintiffs did not even attempt to show that any non-privileged testimony sought from Attorneys Rhodes and Whitten had any relation to any of the only considerations this Court has already determined to be relevant to the underlying suit, there is no need (much less a substantial need) for the trial testimony and the district court clearly abused its discretion in ordering the testimony without a showing of substantial need.

**2. Plaintiffs Wholly Fail to Show That They Could Not Obtain the Substantial Equivalent of Any Relevant Testimony by Other Means Without 'Undue Hardship.'**

Plaintiffs wholly fail to even address *Bexar County*'s second requirement to show that they could not obtain all of the information necessary through other means without undue hardship. In doing so, they do not contest that Attorneys Rhodes and Whitten have turned over all non-privileged documents in their possession related to their engagement

15

with the Defendants, including the redacted fee statements—the "substantial equivalent of testimony." *Bexar Cnty.*, 224 S.W.3d at 188; *see also* App. 3 at 6-7; App. 4 at Ex. 9 (redacted invoices). Nor do Plaintiffs contest that Defendants will be at trial and could testify about all of the issues and information Plaintiffs seek to elicit. *See* App. 3 at 6-7; App. 9 (Defendants' Resp. to Motion for Protection). There is no information that Attorneys Rhodes and Whitten have that is not already available to Plaintiffs.

With regard to any allegedly relevant, non-privileged testimony, there is no question that Plaintiffs could elicit that information from Defendants, from documents already produced, or from the prior deposition testimony. Therefore, Plaintiffs have failed to meet their "heavy burden" and the district court clearly abused its discretion in ordering Attorneys Rhodes and Whitten to testify live at trial in Bastrop.

## II. PLAINTIFFS' ARGUMENT THAT RELATORS COULD APPEAL ANY DISCLOSURE OF PRIVILEGED INFORMATION AFTER THE FACT DEFIES WELL-SETTLED LAW.

Plaintiffs further assert that this mandamus proceeding is wholly unfounded because the trial court "is more than capable of addressing any and all objections and/or claims of privilege as they arise during trial," Response at 6, and Attorneys Rhodes and Whitten could challenge any perceived error on appeal, *id*. at 16-17. But the Texas Supreme Court has "repeatedly held that appeal is inadequate when a court erroneously orders disclosure of privileged information." *Bexar Cnty.*, 224 S.W.3d at 185. If Attorneys Rhodes and Whitten are ordered to disclose privileged (or confidential) materials at trial, the proverbial cat will be out of the bag and cannot go back in. There is no way to rectify such a disclosure on appeal. *Id*.

16

Plaintiffs also suggest that the mandamus is moot because the Bastrop Court issued an order compelling Attorneys Rhodes's and Whitten's trial testimony "Subject to the third party witness's right to file a Motion for Protective Order" and Relators have not sought protection in the Bastrop Court. App.3 at Exs. 4 & 5; *see* Response at 3-4. Of course, the trial subpoenas provide the same requirement—subject to a motion for protection, Relators would have to comply with the subpoenas. TEX. R. CIV. P. 176.6(a) & (e).[2] And, in fact, the Bastrop County Court specifically stated at a hearing that it understood the plain language of the Texas rules and agreed that any motion for protection could be brought in Travis County (as the location where the witnesses were found) and that it would defer to the ruling of the Travis County court.[3] Therefore, there is a valid controversy that is ripe for this Court to decide.

---

[2]     (a) ***Compliance required***. Except as provided in this subdivision, a person served with a subpoena must comply with the command stated therein unless discharged by the court or by the party summoning such witness. . . .

\* \* \*

(e) ***Protective Orders***. A person commanded to appear at a deposition, hearing, or trial, . . . may move for a protective order under Rule 192.6(b)—before the time specified for compliance—either in the court in which the action is pending or in a district court in the county where the subpoena was served. . . . A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court.").

TEX. R. CIV. P. 176.6(a) & (e).

[3] Relators are diligently seeking a copy of the transcript of this hearing but the court reporter for the Bastrop hearing has been on vacation. Relators have asked Plaintiffs to provide that transcript, but Plaintiffs have yet to provide such to Relators. Relators will supplement the record once that transcript is received.

17

## PRAYER

For these reasons and those provided in their Petition, Attorneys Scott Rhodes and Tim Whitten respectfully request that the Court issue a writ of mandamus directing the district court to reverse its December 20, 2017 order and for all other relief to which they may be entitled.

Respectfully submitted,

**CLEVELAND | TERRAZAS PLLC**
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698

By: /s/ Kevin J. Terrazas
    Kevin J. Terrazas
    State Bar No. 24060708
    kterrazas@clevelandterrazas.com
    Carlos Soltero
    State Bar No. 00791702
    csoltero@clevelandterrazas.com

**ATTORNEYS FOR SCOTT RHODES AND TIM WHITTEN**

## CERTIFICATION

I certify that I have reviewed this reply and concluded that every factual statement in the reply is supported by competent evidence included in the appendix or record except where noted.

/s/ Kevin J. Terrazas
    Kevin J. Terrazas

19

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 5021 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

 /s/ Kevin J. Terrazas
Kevin J. Terrazas

As required by Texas Rules of Appellate Procedure 6.3 and 9.5(b), (d), and (e), I certify that I have served this Petition for Writ of Mandamus, Appendix, and Record on all parties listed below on this 5th day of January, 2018, via electronic filing system:

Ellen A. Yarrell
ellen@eayatty.com
Kathleen D. Witkovski
kathleen@eayatty.com
ELLEN A. YARRELL, P.C.
50 Briar Hollow Lane, Suite 425W
Houston, Texas 77027
Telephone: (713) 621-3332
Facsimile: (713) 621-3669

**ATTORNEYS FOR REAL PARTIES IN INTEREST/PLAINTIFFS**

John Kinchen
Luis A. Fabrega
HUGHES ARRELL KINCHEN LLP
1221 McKinney, Suite 3150
Houston, Texas 77010

**ATTORNEYS FOR REAL PARTIES IN INTEREST/DEFENDANTS**

  /s/ Kevin J. Terrazas
Kevin J. Terrazas